No. 46                 November 14, 2025                 433

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff - Adverse Party,*

*v.*

Joshua Adam HEMION,
aka Josh Adam Hemion,
*Defendant,*
*and*

METROPOLITAN PUBLIC DEFENDER, INC.,
*Relator.*

(CC 24CR34660) (SC S072015)

Original proceeding in mandamus.*

Argued and submitted November 4, 2025.

Carl Macpherson, Metropolitan Public Defender, Inc., Portland, argued the cause for relator. Laura Graser filed the brief. Also on the brief was Carl Macpherson.

Kirsten M. Naito, Assistant Attorney General, Salem, argued the cause and filed the brief for adverse party. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Daniel C. Silberman, Oregon Criminal Defense Lawyers Association, Salem, filed the brief for *amicus curiae* Oregon Criminal Defense Lawyers Association. Also on the brief was Nora Coon.

Before Duncan, Garrett, DeHoog, Bushong, and Masih, Justices, and Powers and Pagán, Justices pro tempore.**

PER CURIAM

A peremptory writ of mandamus shall issue.

_____

\* On petition for peremptory writ of mandamus from an order of the Washington County Circuit Court, Rebecca D. Guptill, Judge.

\*\* Flynn, C.J., and James, J., did not participate in the consideration or decision of this case.

## PER CURIAM

Relator, Metropolitan Public Defender, Inc. (MPD), has petitioned this court for a writ of mandamus ordering the Washington County Circuit Court to vacate an order entered on April 23, 2025, requiring MPD to disclose records regarding cases that its attorneys are handling for its indigent clients. The trial court issued the order in response to a motion filed by the Washington County District Attorney's Office. This court previously issued an alternative writ of mandamus; the trial court took no action in response to that writ, and the case was argued and submitted on the merits.

Among other things, MPD argues that the trial court's legal bases for the order—specifically, Article I, section 10, of the Oregon Constitution and the Public Records Law, ORS chapter 192—do not support the order. Adverse party, the State of Oregon, agrees with that argument. So do we.

The trial court relied on the "open courts" provision of Article I, section 10. That provision states that "[n]o court shall be secret" and requires justice to be administered "openly." It "protects both a litigant's access to court to obtain legal redress and the right of members of the public to scrutinize the court's administration of justice by seeing and hearing the courts in operation." *Doe v. Corp. of Presiding Bishop*, 352 Or 77, 93, 280 P3d 377 (2012). For the purposes of the provision, "the term 'court' *** refers to a legally established institution designed and authorized to administer justice." *Id.* at 89. Although the provision "is written in broad terms, it does not apply to all aspects of court proceedings" and "generally prohibits a judicial proceeding from being 'secret' (closed to the public), if, in that judicial proceeding, 'justice' is 'administered.'" *State v. MacBale*, 353 Or 789, 806, 305 P3d 107 (2013). "Justice is administered when a court determines legal rights based on the presentation of evidence and argument. Put differently, the focus of the open courts provision is on 'adjudications.'" *Id.* (citing *Oregon Publishing Co. v. O'Leary*, 303 Or 297, 303, 736 P2d 173 (1987)). "To the extent that adjudications are not involved, the administration of justice is not governed by it." *O'Leary*, 303 Or at 303. In sum, the openness required by

Article I, section 10, is the openness of "courts" conducting "adjudications." Article I, section 10, does not provide a basis for the trial court's order requiring MPD to open its records. The order does not relate to the manner in which a "court" is conducting an "adjudication." Therefore, as the parties agree, the trial court erred in relying on Article I, section 10.

In addition, to the extent that the trial court relied on the Public Records Law, that was also error. As the parties both note, the Washington County District Attorney's Office never sent a public records request to MPD. *See* ORS 192.324(1) (right to inspect records of "public body" is initiated by request in writing). Because the trial court's order was not based on a public records request, the Public Records Law cannot serve as a basis for its order. Further, because no public records request was sent, we need not, and do not, determine whether MPD—a nonprofit organization that contracts with the state to provide public defense services—could be subject to such a request.

Because of the potential harms resulting from the trial court's erroneous order, we shall issue a peremptory writ directing the trial court to vacate that order.

A peremptory writ of mandamus shall issue.